**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ERIN O.,                                          )
                                                  )
           Plaintiff,                        )        Case No. 1:23-cv-14072
    v.                                       )
                                                  )        Magistrate Judge Jeannice W. Appenteng
FRANK BISIGNANO,                                  )
Commissioner of Social Security,                  )
                                                  )
           Defendant.                        )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erin O. seeks to overturn the final decision of the Commissioner of

Social Security ("Commissioner") denying her application for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act. The parties consented to

the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(c), and plaintiff filed a motion for summary judgment. After review of the

record and the parties' respective arguments, the Court denies plaintiff's motion

and affirms the denial of benefits.

**BACKGROUND**

Plaintiff applied for DIB benefits on February 4, 2014 alleging disability since

February 8, 2012 due to cervical radiculopathy, cervical spondylarthritis, brachial

neuritis, chronic pain syndrome, lymphadenopathy, osteoporosis, scoliosis, COPD,

degenerative disc disease, cervicalgia, and thoracic neuritis. Administrative Record

("R.") 159, 186. Born in January 1962, plaintiff was 50 years old as of the alleged

onset date and 54 years old as of the September 16, 2016 date last insured, making

her at all times a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d). R. 159.

Plaintiff graduated from college and lives with her husband and two adult children. R. 43, 187, 631. She worked as a government director from June 1995 to April 2003, and as a social services director with the Catholic Charities from December 2005 until she was laid off in February 2009. R. 34-35, 41, 188, 642. Most recently, plaintiff took a position as a supermarket cashier in September 2010 but she quit on February 8, 2012 due to her impairments and has not engaged in substantial gainful activity since that date. R. 35, 187-88.

The Social Security Administration denied plaintiff's application at all levels of review and she appealed to the District Court. On January 28, 2019, the Court reversed and remanded the case to the Commissioner for further proceedings, finding that the assigned administrative law judge ("ALJ") did not offer substantial evidence for rejecting the opinions from plaintiff's treating internist Mark D. Gomez, M.D. R. 688-700. *See also Erin O. v. Berryhill*, No. 18 CV 1553, 2019 WL 339594 (N.D. Ill. Jan. 28, 2019). On March 1, 2019, the Appeals Council vacated the final decision of the Commissioner and remanded the case to a new ALJ "for further proceedings consistent with the order of the court." R. 703. The ALJ held a supplemental hearing on December 10, 2019 and heard testimony from plaintiff, who was represented by counsel, and from vocational expert Edward Pagella (the "VE"). R. 624-52.

On December 31, 2019, the ALJ found that plaintiff's chronic pain syndrome, degenerative disc disease of the lumbar, thoracic, and cervical spine, ilioinguinal neuralgia status post hernia repairs, and brachial neuritis are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 604-05. After reviewing the evidence, the ALJ concluded that prior to the September 30, 2016 date last insured, plaintiff had the RFC to perform a reduced range of sedentary work with various postural, manipulative, and environmental restrictions. R. 605-13. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could perform plaintiff's past relevant work as a social services director. R. 613-14. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the September 30, 2016 date last insured. R. 614. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ (1) failed to provide good reasons for rejecting the opinions from Dr. Gomez; and (2) erred in assessing her subjective statements regarding her symptoms, including difficulty staying on-task.[1] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

---

[1] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016)

## DISCUSSION

### A.     Standard of Review

"The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits." *Lauren B. v. Bisignano*, No. 25 CV 4866, 2026 WL 1283888, at \*2 (N.D. Ill. May 11, 2026) (citing 20 C.F.R. § 404.131). A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets

---

("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

4

her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## B.    Analysis

### 1.    Dr. Gomez's Opinion

Plaintiff argues that the case must be reversed or remanded because the ALJ did not offer good reasons for rejecting the opinions from treating internist Dr. Gomez. Dkt. 15 at 9-12; Dkt. 23 at 3. Under the rules in effect when plaintiff filed her claim, a treating source opinion is entitled to controlling weight if it is "well-

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). If the opinion is contradicted by other evidence or is internally inconsistent, the ALJ may discount it so long as she provides an adequate explanation for doing so. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). That is to say, the ALJ must offer "good reasons" for discounting a treating physician's opinion, *Scott*, 647 F.3d at 739, and then determine what weight to give it considering (1) the length of the treatment relationship and frequency of examination, (2) the nature and extent of the treatment relationship, (3) the degree to which the opinion is supported by medical signs and laboratory findings, (4) the consistency of the opinion with the record as a whole, (5) whether the opinion was from a specialist, and (6) other factors brought to the attention of the ALJ. 20 C.F.R. § 404.1527(c)(2)-(6); *see Simila v. Astrue*, 573 F.3d 503, 515 (7th Cir. 2009).

In a March 15, 2016 treatment note, Dr. Gomez stated that plaintiff's "pains have been chronically debilitating to the point that she can no longer engage in gainful employment." R. 481. Shortly thereafter, on May 7, 2016, Dr. Gomez wrote a letter opining that plaintiff suffers from intractable pain that renders her totally disabled. R. 446. According to Dr. Gomez, plaintiff's osteoarthritis, osteoporosis, chronic neck and back pain, left-sided inguinodynia, and other impairments "have

6

become progressive in nature" and "adversely affect[ ] her daily living and quality of life." *Id.* Plaintiff exhibits reduced range of motion in the neck, back, and hips and experiences pain with movement, prolonged weight bearing such as walking, prolonged sitting, and generalized loading of weight bearing joints. *Id.* Dr. Gomez stated that plaintiff's pain "has only gotten worse" since he has known her, and though medications make the pain more tolerable, they do not completely eliminate it. *Id.* Moreover, plaintiff sometimes needs assistance to walk and "can be considered a fall risk." *Id.*

The ALJ thoroughly addressed Dr. Gomez's opinions and provided good reasons for assigning them little weight. R. 611-12. The ALJ acknowledged that Dr. Gomez saw plaintiff monthly in 15-minute increments from 2012 through 2016 for medication management, and routinely documented limited range of motion in the neck and back in all directions with tenderness to palpation over the cervical and lumbar regions and left groin. R. 607-12. But the ALJ found Dr. Gomez's assertion that plaintiff suffered from "chronically debilitating" and "intractable pain" that had worsened over time inconsistent with his own contrary treatment notes. R. 612. *See Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (an ALJ may decline to credit a treating physician's opinion when it "is inconsistent with the physician's treatment notes.").

For example, at every one of plaintiff's 32 appointments, Dr. Gomez noted that narcotic pain medication (Norco) "does control the pain" without adverse side effects. R. 366, 371, 375, 379, 383, 386, 389, 392, 395, 398, 401, 409, 412, 416, 420,

7

423, 427, 431, 435, 439, 443, 474, 481, 489, 497, 504, 513, 521, 528, 541, 547, 607-12, 1050. Moreover, Dr. Gomez never adjusted plaintiff's medication regimen aside from adding ibuprofen in May 2015. R. 367, 372, 376, 380, 384, 387, 390, 393, 396, 399, 403, 410, 413, 417, 421, 425, 428, 432, 436, 440, 444, 476, 483, 491, 498-99, 506, 514-15, 530, 542-43, 549, 609-10, 612, 1051. Furthermore, the ALJ fairly observed that Dr. Gomez did not provide specific range of motion measurements demonstrating that plaintiff's functioning had decreased. R. 612. And though plaintiff had a cervical fusion in 2001 and hernia repairs in the 1990s and 2011, R. 333-34, 579, 904, no physician recommended additional surgical intervention over the relevant five-year period. R. 612. Given this evidence, the ALJ did not err in rejecting Dr. Gomez's opinion that plaintiff's symptoms were "intractable" and worsening. *Id. See Baptist v. Kijakazi*, 74 F.4th 437, 445 (7th Cir. 2023) (ALJ reasonably concluded that treating physician's opined limitations were "irreconcilable with the conservative treatment that he and other treating providers prescribed.").

Plaintiff argues that the ALJ improperly suggested that her improvement with medication demonstrated an ability to engage in full-time work. Dkt. 15 at 11. Not so. As explained, the ALJ merely determined that Dr. Gomez's report of uncontrolled pain conflicted with his notes reporting that plaintiff's pain did not just "improve" with medication but was "control[led]" by it. R. 612. *See Regina P. v. Saul*, No. 19 CV 3155, 2020 WL 4349888, at *7 (N.D. Ill. July 29, 2020) (ALJ reasonably concluded that it was "inconsistent for a physician to characterize a

8

claimant's condition as 'controlled,' while opining that the same claimant is incapable of working and is in pain 'every day, all day.'").

Viewing the record as a whole, the ALJ provided good reasons for assigning little weight to Dr. Gomez's opinions. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (courts "apply a very deferential standard of review to the ALJ's decision"). "Although plaintiff may disagree with how the ALJ weighed the evidence and the conclusions the ALJ drew from that evidence, this Court does 'not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's.'" *Bridget T. M. v. O'Malley*, No. 21 CV 50290, 2024 WL 4347193, at *2 (N.D. Ill. Sept. 30, 2024) (quoting *Gedatus*, 994 F.3d at 900). The ALJ complied with the Court's remand order and plaintiff's motion to remand the case again for further consideration of Dr. Gomez's opinions is denied.

### 2.    Subjective Symptom Evaluation

Plaintiff next argues that the ALJ erred in assessing her subjective statements regarding her symptoms. Dkt. 15 at 12-16; Dkt. 23 at 3-4. In evaluating a claimant's subjective symptom allegations, an ALJ must consider several factors including: the objective medical evidence; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medication; treatment and other measures besides medication taken to relieve pain or other symptoms; and functional limitations due to pain or other symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5, 7-8 (Oct.

25, 2017). "'An ALJ need not discuss every detail in the record as it relates to every factor,' but an ALJ may not ignore an entire line of evidence contrary to her ruling." *Benito M. v. Kijakazi*, No. 20 CV 5966, 2022 WL 2828741, at *8 (N.D. Ill. July 20, 2022) (quoting *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022)). "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts*, 27 F.4th at 1279; *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (patently wrong "means that the decision lacks any explanation or support."). "Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence." *Grotts*, 27 F.4th at 1278.

As with Dr. Gomez's opinion, the ALJ provided valid reasons for rejecting plaintiff's complaints of disabling pain and functional deficits. To begin, the ALJ cited the medical evidence, *supra* pp. 7-8, showing that plaintiff's medication regimen remained largely unchanged for years and, per Dr. Gomez's treatment notes, was successful in controlling plaintiff's pain. R. 607, 611. *See Gwendolyn B. v. Saul*, No. 20 CV 3244, 2021 WL 1812879, at *8 (N.D. Ill. May 6, 2021) (quoting *Britt v. Berryhill*, 889 F.3d 422, 426 (7th Cir. 2018)) ("[D]iscrepancies between the objective evidence and self-reports may suggest symptom exaggeration."); *Thorps v. Astrue*, 873 F. Supp. 2d 995, 1006 (N.D. Ill. 2012) (citing *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007)) ("[A] patient's subjective complaints are not required to be accepted insofar as they clashed with other, objective medical evidence in the

10

record."). In addition, the ALJ observed that plaintiff never sought emergency treatment despite claiming to suffer from pain at an excruciating level of 10/10. R. 607.

Contrary to plaintiff's suggestion, moreover, the ALJ engaged with all the evidence of record and ultimately relied on plaintiff's testimony as a basis for incorporating numerous functional restrictions into the RFC. R. 607-11. Though the record did not contain objective measurements of plaintiff's deficits in lumbar and cervical range of motion, the ALJ limited plaintiff to sedentary work with a sit-stand option and no more than frequent pushing, pulling, reaching, handling, and engaging in lateral flexion of the neck. R. 605, 611. The ALJ also restricted plaintiff to: occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing; and occasional stooping, kneeling, crouching, and crawling. R. 604. Plaintiff argues that these restrictions are "arbitrary," Dkt. 15 at 14, but does not identify specific evidence the ALJ ignored or any physician of record who imposed greater functional limitations.[2] *See Green v. Saul*, 781 F. App'x 522, 527 (7th Cir. 2019) (it was not patently wrong for the ALJ to "tailor an RFC that fit [the plaintiff's] limitations, though not necessarily the intensity to which she testified.").

---

[2] Dr. Gomez, whose opinion the ALJ reasonably rejected, did not provide a function-by-function assessment, and the state agency reviewers found plaintiff capable of light as opposed to sedentary work. R. 63-64, 76-77. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (the ALJ did not err where the RFC finding was "more limiting than that of any state agency doctor or psychologist.").

Plaintiff objects that the ALJ failed to recognize that pain, narcotic medication use, and her need to lie down to manage pain would render her incapable of sustaining the on-task and attendance requirements of full-time work. Dkt. 15 at 15. This argument fails because as noted, the record reflects that medication controlled plaintiff's pain without adverse effects, and there is no evidence that she "told any of her physicians that she needed to lie down to reduce her pain, and none of them suggested she do so." *Telisa J. v. Kijakazi*, No. 20 CV 4671, 2022 WL 23010578, at \*6 (N.D. Ill. Dec. 27, 2022); *see also Kinnari A. v. Saul*, No. 19 CV 760, 2020 WL 1863291, at \*7 (N.D. Ill. Apr. 14, 2020) (ALJ did not err in failing to recognize the plaintiff's claimed need to lie down where "no physician opined that [the plaintiff] had to lie down during the day."). Furthermore, the ALJ expressly accounted for plaintiff's potential difficulties maintaining focus by restricting her to no production rate or pace work. R. 605, 611. There is no evidence in the record that plaintiff required additional accommodations to address her issues with focus and concentration.

An ALJ's credibility assessment "need not be perfect; it just can't be patently wrong." *Dawson v. Colvin*, No. 11 C 6671, 2014 WL 1392974, at \*10 (N.D. Ill. April 10, 2014) (citing *Schreiber v. Colvin*, 519 F. Appx. 951, 961 (7th Cir. 2013)). And "even if reasonable minds could differ on the ALJ's rejection of [plaintiff's] testimony, we will not reweigh evidence or substitute our judgment for the ALJ's." *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020). Plaintiff may find it "difficult to imagine" how she could sustain full-time work prior to September 30, 2016, Dkt. 15

12

at 14, but her own incredulity is not sufficient to establish that the ALJ committed reversible error. *See Weaver v. Berryhill*, 746 F. App'x 574, 578-79 (7th Cir. 2018) ("It was [plaintiff]'s burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."). Viewing the record as a whole, the ALJ's assessment of plaintiff's subjective statements was not patently wrong and her motion to remand the case for further consideration of this issue is denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment [15] is denied. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
Dated: 6/12/2026           **United States Magistrate Judge**